IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES TERRENCE FAWCETT,

      Plaintiff,

vs.                                                                                       Civil No.  07-622 WJ/WDS

SURGEON GENERAL,
UNITED STATES OF AMERICA

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed August 8, 2007 **(Doc. 6)**.  Defendant contends that this Court does not have subject matter jurisdiction over Plaintiff's Bivens claims on the basis of sovereign immunity, that Plaintiff fails to state a claim under 42 U.S.C. § 1983, and that Plaintiff's claims should be dismissed under Fed. R. Civ. P. 8.  Having reviewed the parties' submissions and the applicable law, I find that Defendant's motion is well taken and will be granted, for the reasons articulated below.

### Background

This is pro se Plaintiff James Terrence Fawcett's third complaint since May 2007.  See Fawcett v. United States Air Force, United States Pentagon, Civil No. 07-442 MV/LFG (complaint filed 5/7/07; court dismissed *sua sponte* on 5/24/07, hereafter referred to as "Fawcett I"), and Fawcett v. Senate Appropriations Committee, et al., Civil No. 07-493 MCA/RHS (complaint filed 5/16/07; court dismissed *sua sponte* on 6/7/07, hereafter referred to as "Fawcett II").  Fawcett I included allegations similar to the instant case in that there were references to blood donation.

In all three cases, including the instant case, Fawcett's application to proceed *in forma pauperis* was granted. As in the prior two cases, in this case Fawcett again indicates he is indigent, receiving Social Security benefits, and living in a homeless shelter in Santa Fe, New Mexico **(Doc. 2)**. In Fawcett I and Fawcett II the court *sua sponte* dismissed the complaint and the government seeks the same result in the instant case.

## Discussion

A complaint should not be dismissed for failure to state a claim unless it does not include enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). In ruling on a motion to dismiss, this Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Housing Authority of the Kaw Tribe v. City of Ponca City, 952 F.2d 1183, 1187 (10th Cir. 1991). Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1) based on sovereign immunity as a jurisidictional bar to Plaintiff's claims, and under Rule 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

**I.      Plaintiff's § claims are dismissed for lack of subject matter jurisdiction under (12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Plaintiff bears the burden of demonstrating this Court's jurisdiction to hear the claims. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 189 (1936). In addition, the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction. United States v. Mitchell, 463 U.S. 206, 212 (1983). Of course, as with any jurisdictional issue, the

2

party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived.  James v. United States, 970 F.2d 750, 753 (10th Cir. 1992).

In the present case, the form complaint that Plaintiff filed asserts that his lawsuit is filed pursuant to 42 U.S.C. § 1983 against the Surgeon General of the United States, for damages of $1 billion. **(Doc. 1).**  When the deprivation of a constitutional right has been occasioned by a federal actor, a plaintiff may properly assert a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  In this case, the only defendant named in the Complaint is the Surgeon General of the United States.  **(Doc. 1)**.  Although it is difficult to decipher Plaintiff's claims, if Plaintiff is attempting to state a constitutional tort (Bivens) action against the Surgeon General, sovereign immunity has not been waived for such claims against federal officials in their official capacities.  FDIC v. Meyer, 510 U.S. 471, 484-85 (1994).

Furthermore, when a plaintiff sues a federal official in his or her official capacity, in reality, the complaint seeks to impose liability on the United States.  Brandon v. Holt, 469 U.S. 464, 471 (1985).  As the Tenth Circuit has previously explained, "[t]here is no such animal as a Bivens suit against a public tortfeasor in his or her official capacity.  Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."  Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001).  Since Plaintiff's complaint is reasonably interpreted by this Court as asserting § 1983 claims against the Surgeon General in an official capacity, it is a suit against the United States and is barred by the doctrine of sovereign immunity.  Benson v. United States, 969 F.Supp. 1129, 1135 (N.D. Ill. 1997).  Therefore, because sovereign immunity has not been waived by the Surgeon General of the United States, nor the United States, Plaintiff's Bivens

3

claims against Defendant are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

In this case, Plaintiff cannot, as a matter of law, prevail on a § 1983 claim.  Section 1983 claims allow for court relief when a party's federally protected rights have been violated by state or local officials or by other persons acting under color of state law.  Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federally protected right," and (2) "he must allege that the person who deprived him of that right acted under color of state or territorial law."  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  In a Bivens action, the plaintiff must identify a person who acted under color of federal authority as the defendant.  See, Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996); Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001) (actions brought under § 1983 and Bivens actions are identical except for the requirement of a state actor under § 1983 and federal actor under Bivens). The Complaint fails to state a cause of action under Bivens because Plaintiff did not identify any federal actors in their individual capacities who allegedly deprived him of a federally protected right.  Plaintiff has neither identified a person who deprived him of a constitutional right, nor demonstrated that a federal actor deprived him of that right.

Therefore, I agree with Defendant that even affording Plaintiff a liberal reading of the Complaint under <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992), the Complaint is clearly "frivolous" and it is "patently obvious" that he failed to state a claim. Pursuant to the Civil Justice Reform Act, 28 U.S.C. §§ 471 *et. seq.*, the Court is obligated to reduce the costs of litigation and to expedite the ultimate disposition of cases.  Allowing Plaintiff to go forward with this Complaint will burden the Defendant and increase the costs of litigation. Therefore, Plaintiff's complaint is dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 6)** is hereby GRANTED in that:

(1)     this Court has no subject matter jurisdiction over Plaintiff's <u>Bivens</u> claims on the basis of sovereign immunity; and

(2)     Plaintiff fails to state a claim under 42 U.S.C. § 1983.

A Judgment in accordance with this Memorandum Opinion and Order will issue.

_____
UNITED STATES DISTRICT JUDGE